No. 24-7700

### IN THE
# United States Court of Appeals for the Ninth Circuit

J. DOE, 1; J. DOE, 2-5,
individually and on behalf of all others similarly situated,

*Plaintiffs-Appellants*,

*v.*

GITHUB, INC., a Delaware corporation; MICROSOFT CORPORATION, a Washington corporation; OPENAI, INC., a Delaware nonprofit corporation; OPENAI, LP, a Delaware limited partnership; OPENAI GP, LLC, a Delaware limited liability company; OPENAI STARTUP FUND GP I, LLC, a Delaware limited liability company; OPENAI STARTUP FUND I, LP, a Delaware limited partnership; OPENAI STARTUP FUND MANAGEMENT, LLC, a Delaware limited liability company; OPENAI OPCO, LLC; OPENAI, LLC; OPENAI GLOBAL, LLC; OAI CORPORATION; OPENAI HOLDINGS, LLC; OPENAI HOLDCO, LLC; OPENAI INVESTMENT; OPENAI STARTUP FUND SPV I, LP; OPENAI STARTUP FUND SPV GP I, LLC,

*Defendants-Appellees*.

On Petition for Permission to Appeal an Order from the
United States District Court for the Northern District of California
No. 4:22-cv-06823-JST, Hon. Jon S. Tigar

### OPPOSITION OF GITHUB AND MICROSOFT TO APPELLANTS' MOTION TO SEAL

Annette L. Hurst
Nicholas González
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105

Christopher J. Cariello
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
(212) 506-5000

*Additional Counsel Listed on Inside Cover*

Jonas Q. Wang
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
2100 Pennsylvania Ave NW
Washington, DC 20037

Alyssa M. Caridis
Geoffrey C. Shaw
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
355 S. Grand Avenue, Suite 2700
Los Angeles, CA 90071

*Counsel for Defendants-Appellees*
*GitHub, Inc. and Microsoft Corporation*

1. GitHub and Microsoft respectfully submit this response to Plaintiffs' motion to seal. D.E. 89. At issue is an excerpt of software code and short descriptions of code in GitHub and Microsoft's Answering Brief. D.E. 70.1 at 16-17, 45, 62. This information is directly relevant to the issues presented in the appeal, and therefore to the public's understanding of those issues and ultimately this Court's decision. Pointing to emailed threats made to Plaintiffs' counsel in 2023, Plaintiffs argue that the reprinted snippets of source code could be used to identify two of the Doe Plaintiffs, which in turn would subject them to "threats of retaliation and violence." D.E. 89 at 5.

2. This Court has previously granted Plaintiffs' sealing requests based on the same threats, while permitting Plaintiffs to proceed pseudonymously. As a result, the Court has maintained under seal all of Plaintiffs' code. *See* No. 24-6136 D.E. 29.1 (S.R. Thomas and Tallman, JJ.); D.E. 38.1. GitHub and Microsoft acknowledge these rulings, while maintaining their objections to the continued sealing of this information in the context of the previously filed documents.

3. The information at issue in the current context, however, is significantly less extensive than the information at issue in prior

sealing requests.  The information here involves only Doe 1's code and brief descriptions of Doe 2's code.  Moreover, although Plaintiffs claim that this information standing alone "can be used to identify" Doe 1 or Doe 2, they do not submit a declaration explaining how there is a credible likelihood that an individual who issued a threat against Plaintiffs' counsel several years ago—when this was one of only a handful of lawsuits involving artificial intelligence (AI) in the country—would do so.  While those threats were reprehensible, they are now nearly three years old.  Nor, as far as Plaintiffs' showing discloses, did the threats continue.  GitHub and Microsoft therefore respectfully request that this Court carefully evaluate Plaintiffs' request to ensure that sealing GitHub and Microsoft's brief accords with First Amendment interests in public access to court proceedings.

4.     By way of background, the parties have previously litigated Plaintiffs' request for sealing at the petition stage of Plaintiffs' 28 U.S.C. § 1292 appeal.  There, Plaintiffs filed a petition to appeal with an appended record containing extensive redactions, but did not seek leave from this Court before doing so.  *See* No. 24-6136 D.E. 1.

5. GitHub and Microsoft filed an answer to Plaintiffs' petition, and submitted a notice of intent to unseal that answer pursuant to 9th Cir. R. 27-13(f). *See* No. 24-6136 D.E. 11, D.E. 13. Plaintiffs thereafter filed a motion to seal, citing the district court's prior sealing of the same material and—relying solely on the showing Plaintiffs submitted years prior in the district court proceeding—asserted that the same sealing was warranted in the petition proceedings before this Court. *See* No. 24-6136 D.E. 21.

6. GitHub and Microsoft opposed that motion to seal. *See* No. 24-6136 D.E. 23.1. Citing the "strong presumption in favor of access to court records," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016), and "the public's First Amendment and common law rights of access," *United States v. Index Newspapers LLC*, 766 F.3d 1072, 1097 (9th Cir. 2014), GitHub and Microsoft explained that "Plaintiffs [had] fail[ed] to make the requisite showing that this is the sort of 'unusual' or 'extraordinary' case in which their identities must remain shrouded," No. 24-6136 D.E. 23.1 at 2 (quoting *United States v. Stoterau*, 524 F.3d 988, 1013 (9th Cir. 2008)). GitHub and Microsoft argued that, at a minimum, Plaintiffs' otherwise publicly-

3

available source code should be unsealed because it is essential to the public's understanding of this case. *Id.* at 2, 15-16. Without the source code available to the public, GitHub and Microsoft explained, any decision from this Court will be of little use to others seeking to understand the legal issues at the core of this dispute. *Id.*

7. A panel of this Court, however, granted Plaintiffs' sealing request in the same order granting Plaintiffs' petition for permission to appeal, but did not provide reasoning for that decision. *See* No. 24-6136 D.E. 29.1 (S.R. Thomas and Tallman, JJ.).

8. In the instant proceeding (at the merits stage), Plaintiffs filed their opening brief along with a motion to file Volume 3 of their excerpts of record under seal. D.E. 18, 20. Plaintiffs again stated that they faced "threats of violence and bodily harm," and that they had "presented evidence of such threats in the district court." D.E. 20 at 1. Citing no additional evidence, Plaintiffs requested sealing of "their identities and their unique computer code that is sufficient to personally identify them." *Id.* GitHub and Microsoft did not oppose an under-seal filing for Plaintiffs' brief or the excerpts of record, which contained Plaintiffs' Complaint in full. The Appellate Commissioner

thereafter granted the motion to file under seal Volume 3 of Plaintiffs'
excerpts of record.  D.E. 38.1.

9.   GitHub and Microsoft filed their Answering Brief under seal,
along with a notice of intent to unseal only the portions of the brief
provisionally filed under seal.  *See* D.E. 70.  Plaintiffs then filed their
new sealing motion, which reprises the same argument that formed the
basis of their previous sealing motion in this Court:  They claim threats
of physical harm if they are not permitted to proceed pseudonymously
and with their source code under seal.  *See* D.E. 89 at 7-11.  And
Plaintiffs again rely on the same evidence submitted to the district
court: threatening emails that Plaintiffs' counsel received nearly three
years ago.  *Id.* at 9 (citing No. 24-6134, D.E. 21.3 at 2).

10.   GitHub and Microsoft respectfully submit that sealing of the
limited information at issue is not appropriate at this stage.  The
information provisionally sealed is narrowly limited: Doe 1's code and
the brief description of Doe 2's code that is found in GitHub and
Microsoft's Answering Brief.  *See* D.E. 70 at 16-17, 45, 62.  That
information is only that which is essential at the merits stage for the

Court to decide the case and for the public to fully understand the legal issues presented.

11.   It is Plaintiffs' burden to justify sealing.  Plaintiffs have not explained how unsealing the limited information at issue risks them harm nearly three years after the threats against Plaintiffs' counsel were originally issued.  Plaintiffs merely assert that the information "can be used to identify Doe 1 and Doe 2" and that the "threat [of harm] continues."  *See* D.E. 89 at 2, 4-5.  But while Plaintiffs were, in 2023, among a small group of plaintiffs challenging AI technology, that group is no longer small.  There are presently dozens of lawsuits in which plaintiffs—including those who bring suit on behalf of a putative class—are proceeding under their own names, evidently without incident. *E.g.*, Consolidated Class Action Complaint, *In re OpenAI, Inc., Copyright Infringement Litig.*, No. 25-md-3143, ECF No. 183 (S.D.N.Y. June 13, 2025); First Amended Class Action Complaint, *Bartz v. Anthropic PBC*, No. 24-cv-05417, ECF No. 70 (N.D. Cal. Dec. 4, 2024); Third Amended Consolidated Complaint, *Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417, ECF No. 407 (N.D. Cal. Jan. 21, 2025);

Consolidated Class Action Complaint, *In re Google Generative AI Copyright Litig.*, No. 23-cv-03440, ECF No. 92 (N.D. Cal. Dec. 22, 2024).

12.     Plaintiffs have thus not made the showing required to overcome this Court's "strong presumption in favor of access to court records," *Ctr. for Auto Safety*, 809 F.3d at 1096-97, nor "the public's First Amendment and common law rights of access," *Index Newspapers LLC*, 766 F.3d at 1097.  Accordingly, while the 2023 threats against Plaintiffs' counsel were abhorrent, and although this Court has previously granted Plaintiffs' sealing requests over Defendants' objections, sealing is not appropriate here.

## CONCLUSION

The Court should deny Plaintiffs' motion to seal.

August 11, 2025

Respectfully submitted,

/s/ Christopher J. Cariello

Annette L. Hurst
Nicholas González
ORRICK, HERRINGTON &
   SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
(415) 773-5700

Jonas Q. Wang
ORRICK, HERRINGTON &
   SUTCLIFFE LLP
2100 Pennsylvania Ave NW
Washington, DC 20037
(202) 339-8400

Christopher J. Cariello
ORRICK, HERRINGTON &
   SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
(212) 506-5000

Alyssa M. Caridis
Geoffrey C. Shaw
ORRICK, HERRINGTON &
   SUTCLIFFE LLP
355 S. Grand Avenue, Suite 2700
Los Angeles, CA 90071

*Counsel for Defendants-Appellees*
*GitHub, Inc. and Microsoft Corporation*

8

## CERTIFICATE OF COMPLIANCE

The response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) & Ninth Cir. R. 32-3(2) because this response contains 1,301 words.

This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this response has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in Century Schoolbook 14-point font.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Christopher J. Cariello*
Christopher J. Cariello
*Counsel for Defendants-Appellees*
*GitHub, Inc. and Microsoft Corporation*